In the Matter of PAUL RUIZ, Petitioner, v LEE P. BROWN, as Police Commissioner of the City of New York, et al., Respondents.

On or about October 5, 1988, the petitioner's handgun was stolen from his apartment and used in subsequent bank robberies. Thereafter the IAD of the New York City Police Department surveilled the petitioner's activities. On May 31, 1989, the petitioner was observed engaging a prostitute to perform oral sex for money and consummating the transaction in a parking lot.

Petitioner was charged with failing to safeguard his gun; unlawfully patronizing a prostitute; and improperly failing to take lawful action against the prostitute. At the hearing, petitioner admitted having sex with the prostitute on many occasions, but claimed that they were friends and that he made payments to her solely out of friendship. He further claimed that his gun was removed from a locked metal case by an acquaintance.

The Hearing Officer found petitioner's testimony concerning the payment of money out of friendship only to be incredible

and, in any event, found the repeated acts of sexual contact with a prostitute and the failure to take proper police action so unbecoming an officer as to require dismissal from the force. The Commissioner adopted these findings and recommendation.

In this proceeding, petitioner claims the determination was not based upon substantial evidence. We do not agree. The record shows the respondent's finding of guilt was based upon substantial evidence and that the trier of fact found the IAD's interpretation that the petitioner's activities were illegal to be more credible. Matters of credibility should not be disturbed by a reviewing Court. *(Matter of Berenhaus v Ward,* 70 NY2d 436, 443.) Respondent's determination was supported by substantial evidence and was rationally based. *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 230.) Concur—Sullivan, J. P., Carro, Kassal and Smith, JJ.